**PERKINS v. ARKANSAS TRUCKING SERVS., INC.**

[134 N.C. App. 490 (1999)]

CARL L. PERKINS, Employee, Plaintiff v. ARKANSAS TRUCKING SERVICES, INC., Employer; SELF-INSURED (GUARDIAN NATIONAL INSURANCE COMPANY), Defendants

No. COA98-1114

(Filed 3 August 1999)

### 1. Workers' Compensation— jurisdiction—out-of-state accident

The North Carolina Industrial Commission is vested with jurisdiction for accidents taking place outside of the state only if: (1) the contract of employment was made in this State; (2) the employer's principal place of business is in this State; or (3) the employee's principal place of employment is within this State.

### 2. Workers' Compensation— competent evidence—principal place of employment

There was competent evidence in the record supporting the Commission's finding that plaintiff's principal place of employment was in North Carolina because: (1) plaintiff's residence was in North Carolina; (2) he conducted all aspects of his business in North Carolina, including receipt of assignments, storage and maintenance of his employer's truck when plaintiff was not on the road, and receipt of payments; and (3) each of his assignments started and ended in North Carolina.

### 3. Workers' Compensation— improper attempt to limit rights

Although employer had plaintiff sign a form purporting to limit plaintiff's right to compensation in any state other than Arkansas, N.C.G.S. § 97-6 specifically invalidates an attempt by an employer to relieve itself of responsibility under the North Carolina Workers' Compensation Act.

Appeal by defendants from an opinion and award of the North Carolina Industrial Commission filed 9 June 1998. Heard in the Court of Appeals 12 May 1999.

*Jonathan S. Williams, P.C., by Jonathan S. Williams, for plaintiff-appellee.*

*Teague Campbell Dennis & Gorham, L.L.P., by Dayle A. Flammia and Michael P. Williams, for defendant-appellants.*

HUNTER, Judge.

This workers' compensation case arises from proceedings before the North Carolina Industrial Commission where plaintiff alleged he was injured on 8 March 1994 in a motor vehicle accident in the course and scope of his employment with Arkansas Trucking Services, Inc. ("Arkansas Trucking"). The accident occurred on I-95 in Florence, South Carolina. Plaintiff filed a worker's compensation claim with his employer which was denied. The initial hearing on 23 April 1996 before Deputy Commissioner Shuping was limited to whether the North Carolina Industrial Commission had jurisdiction under N.C. Gen. Stat. § 97-36. In an interlocutory opinion and award filed 8 May 1996, the deputy commissioner concluded that plaintiff's principal place of employment was in North Carolina and the Industrial Commission had jurisdiction over the claim. On 30 October 1996, the matter was reheard by Deputy Commissioner Shuping for a determination of the compensable consequences.

At the hearing, plaintiff's uncontroverted evidence indicated he had been severely injured in the accident occurring on 8 March 1994 and had been treated extensively. In an opinion and award filed 30 April 1997, the deputy commissioner concluded that plaintiff is and has remained totally disabled and unable to earn any wages in any capacity and is entitled to compensation of $417.75 per week from 8 March 1994 "to the scheduled hearing date and thereafter continuing at the same rate so long as he remains totally disabled, subject to a change of condition, medical or employment." Defendants appealed and the Full Commission affirmed the award and adopted both the interlocutory and final opinions of the deputy commissioner. Defendants appealed to this Court.

[1],[2] Defendants' primary argument is that the Full Commission erred in concluding it had proper jurisdiction in this claim. Jurisdiction vests with the North Carolina Industrial Commission for accidents taking place outside of the state only "(i) if the contract of employment was made in this State, (ii) if the employer's principal place of business is in this State, or (iii) if the employee's principal place of employment is within this State[.]" N.C. Gen. Stat. § 97-36 (1991). Since the Commission's findings of fact are binding on appeal if there is any competent evidence to support them, "our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact justify its conclusions of law." *Beaver v.*

*City of Salisbury*, 130 N.C. App. 417, 419, 502 S.E.2d 885, 887 (1998), *disc. review improv. allowed*, 350 N.C. 376, 514 S.E.2d 89 (1999). *See also Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998), *reh'g denied*, 350 N.C. 108, —— S.E.2d —— (1999). Therefore, the question before us on appeal is whether there is any competent evidence supporting the Commission's finding that plaintiff's principal place of employment is within North Carolina.

The Commission found:

> 5. Plaintiff was assigned to operate out of defendant-employer's southeastern hub in Doraville, Georgia, that controlled the twelve southern states, including North Carolina. The majority of the time during his subsequent employment, plaintiff hauled freight in all those states, but on occasion drove outside them. Defendant-employer did not maintain a terminal in North Carolina, but, rather, dispatched its North Carolina drivers out of the Doraville, Georgia terminal. During business hours, plaintiff would contact his dispatcher at the Doraville terminal by telephone; and, after hours he would contact his dispatcher at his home for any dispatching information. Plaintiff would ordinarily be on the road for two weeks at a time before returning home; and, after two days home, would return to the road. When off the road, plaintiff kept defendant-employer's vehicle at his residence in Dudley [North Carolina] and would be dispatched from there to begin his next route, after calling into his dispatcher at the Doraville, Georgia terminal or at the same dispatcher's home after hours. Because plaintiff did not regularly go to the Doraville, Georgia terminal, his checks were mailed to his residence at home. In order to prevent plaintiff from deadheading (driving one way with an empty truck), defendant-employer always attempted to have him pick up his first load in North Carolina as close to his residence in Dudley as possible, including pick-ups in Kinston, Durham, Roseboro and Charlotte, N.C. Similarly, the defendant-employer attempted to have plaintiff's last drop located in North Carolina as close to plaintiff's home as possible; and, presumptively, defendant-employer had similar arrangements with its other North Carolina drivers. Although plaintiff drove in all the other eleven southern states as well as outside of them occasionally, approximately eighteen-to-twenty percent of his stops were in North Carolina.

Based on these findings, the Commission determined that "plaintiff's principal place of employment was in North Carolina."

Clearly, plaintiff's residence is within North Carolina. Furthermore, he conducted all aspects of his business in North Carolina—receipt of assignments, storage and maintenance of employer's truck when not on the road, receipt of paychecks, etc. Finally, each of his assignments started and ended in North Carolina. While there may have been differing opinions between the parties as to plaintiff's principal place of employment, it was for the Commission to weigh the evidence and to decide the issues. Based on the recent holdings in *Beaver* and *Adams*, we conclude there was sufficient competent evidence in the record to support the Commission's finding that plaintiff's principal place of employment was within North Carolina and its conclusion that the North Carolina Industrial Commission had jurisdiction over this claim.

[3] Additionally we note that, upon being hired by Arkansas Trucking, plaintiff signed a form entitled "Policies, Procedures and Agreement" which purported to limit plaintiff's right to compensation in any state other than Arkansas. N.C. Gen. Stat. § 97-6 specifically invalidates any such attempt by an employer to relieve itself of responsibility under the North Carolina Workers' Compensation Act.

Affirmed.

Judges JOHN and TIMMONS-GOODSON concur.