CARL L. PERKINS, Employee v. ARKANSAS TRUCKING SERVICES, INC., Employer; SELF-INSURED (GUARDIAN NATIONAL INSURANCE COMPANY)

No. 422PA99

(Filed 5 May 2000)

**1. Workers' Compensation— jurisdiction—standard of review—independent findings**

The Court of Appeals erred by applying the "any competent evidence" standard in its review of the Industrial Commission's jurisdictional determination under N.C.G.S. § 97-36(iii) for a workers' compensation case because the proper standard for a reviewing court on a jurisdictional issue is to make its own independent findings from its consideration of all the evidence in the record.

**2. Workers' Compensation— jurisdiction—principal place of employment**

The Court of Appeals did not err in concluding the Industrial Commission had jurisdiction over this workers' compensation case because plaintiff-truck driver's principal place of employment was within North Carolina under N.C.G.S. § 97-36(iii) since no other state, standing alone, had the same degree of significant contacts to plaintiff's employment, as evidenced by the facts that: (1) plaintiff was assigned to operate a tractor-trailer in Arkansas Trucking's southeastern territory, an area consisting of twelve to thirteen southern states including North Carolina; (2) Arkansas Trucking employs more than three but less than ten truck drivers in North Carolina; (3) plaintiff was dispatched from his residence in North Carolina by a dispatcher in the employer's Georgia ter-

minal since Arkansas Trucking does not maintain a terminal in North Carolina; (4) plaintiff's first pick-ups and last deliveries were scheduled as close to his residence in North Carolina as possible to prevent plaintiff from driving with an empty truck; (5) approximately eighteen to twenty percent of plaintiff's stops were in North Carolina; (6) plaintiff kept his employer's vehicle at his residence in North Carolina when he was off the road; and (7) plaintiff received his paychecks at his residence in North Carolina.

## 3. Workers' Compensation— employment form—invalid attempt to limit workers' compensation rights

The Court of Appeals did not err in its determination that the "Policies, Procedures, and Agreement" form signed by plaintiff-truck driver upon being hired by Arkansas Trucking was an invalid attempt by the employer to limit plaintiff's rights to Arkansas workers' compensation law because the agreement conflicts with N.C.G.S. § 97-36 and specifically violates § 97-6, which invalidates agreements that operate to relieve an employer of any obligation under the North Carolina Workers' Compensation Act.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 134 N.C. App. 490, 518 S.E.2d 36 (1999), affirming an opinion and award entered by the North Carolina Industrial Commission on 9 June 1998. Heard in the Supreme Court 14 February 2000.

*Jonathan S. Williams, P.C., by Jonathan S. Williams, for plaintiff-appellee.*

*Teague Campbell Dennis & Gorham, by Dayle A. Flammia and Tracey L. Jones, for defendant-appellants.*

. MARTIN, Justice.

On 8 March 1994 plaintiff Carl L. Perkins was injured in the course and scope of his employment with Arkansas Trucking Services, Inc. (Arkansas Trucking). The accident occurred while plaintiff was operating a tractor-trailer in Florence, South Carolina. Thereafter, Arkansas Trucking commenced payment of workers' compensation benefits under Arkansas law. *See generally* Ark. Code Ann. ch. 9 (1996 & Supp. 1999). On 4 October 1994 plaintiff filed a Form 18 notice of accident with his employer and the North

PERKINS v. ARKANSAS TRUCKING SERVS., INC.

[351 N.C. 634 (2000)]

Carolina Industrial Commission (Commission or full Commission). Plaintiff also filed a Form 33 request for hearing to determine whether the Commission had jurisdiction over his workers' compensation claim.

On 8 May 1996, after a hearing limited to the jurisdictional question, the deputy commissioner entered an interlocutory opinion and order concluding that plaintiff's principal place of employment was within North Carolina and, therefore, that the Commission had jurisdiction over his claim under N.C.G.S. § 97-36.

On 30 October 1996 the deputy commissioner held a second hearing to determine the amount of plaintiff's award. On 30 April 1997 the deputy commissioner filed an opinion and award in which he concluded that plaintiff was totally disabled and was, therefore, entitled to compensation at a rate of $417.75 per week from the date of the accident. Defendants Arkansas Trucking and Guardian National Insurance Company appealed.

On 9 June 1998 the full Commission affirmed and adopted, with minor modifications, the deputy commissioner's 8 May 1996 interlocutory opinion and order and 30 April 1997 opinion and award. On appeal, the Court of Appeals affirmed the opinion and award of the full Commission. *Perkins v. Arkansas Trucking Servs., Inc.*, 134 N.C. App. 490, 518 S.E.2d 36 (1999). On 4 November 1999 we allowed defendants' petition for discretionary review.

Prior to 1991 the Commission exercised jurisdiction over work-related accidents occurring outside of North Carolina only if the contract of employment was made in this State or if the employer's principal place of business was in this State. *See* N.C.G.S. § 97-36 (1985) (amended 1991); *Thomas v. Overland Express, Inc.*, 101 N.C. App. 90, 96, 398 S.E.2d 921, 925 (1990), *disc. rev. denied*, 328 N.C. 576, 403 S.E.2d 522 (1991). In 1991, however, the General Assembly ratified "An Act to Assure that the North Carolina Workers' Compensation Act Extends to Injuries Outside the State for Employees Whose Principal Place of Employment is in North Carolina." Ch. 284, 1991 N.C. Sess. Laws 528.

The statute, as amended, provides in pertinent part:

Where an accident happens while the employee is employed elsewhere than in this State and the accident is one which would entitle him or his dependents or next of kin to compensation if it had happened in this State, then the employee or his dependents

or next of kin shall be entitled to compensation (i) if the contract of employment was made in this State, (ii) if the employer's principal place of business is in this State, or *(iii) if the employee's principal place of employment is within this State* . . . .

N.C.G.S. § 97-36 (1999) (emphasis added).

The Court of Appeals affirmed the Commission's determination that plaintiff's principal place of employment was within North Carolina and, therefore, upheld the Commission's exercise of jurisdiction over plaintiff's claim under section 97-36(iii). *Perkins*, 134 N.C. App. at 493, 518 S.E.2d at 38.

[1] Defendants first contend the Court of Appeals applied an erroneous standard of review to the Commission's jurisdictional determination under section 97-36(iii). We agree.

As a general rule, the Commission's findings of fact are conclusive on appeal if supported by any competent evidence. *See* N.C.G.S. § 97-86 (1999); *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998); *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). It is well settled, however, that the Commission's findings of jurisdictional fact are *not* conclusive on appeal, even if supported by competent evidence. *See Lucas v. Li'l Gen. Stores*, 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976); *Askew v. Leonard Tire Co.*, 264 N.C. 168, 174, 141 S.E.2d 280, 284 (1965); *Aycock v. Cooper*, 202 N.C. 500, 505, 163 S.E. 569, 571 (1932). "The reviewing court has the right, and the duty, to make its own independent findings of such jurisdictional facts from its consideration of all the evidence in the record." *Lucas*, 289 N.C. at 218, 221 S.E.2d at 261.

In the present case the Court of Appeals characterized the question for review as "whether there [was] any competent evidence supporting the Commission's finding that plaintiff's principal place of employment [was] within North Carolina." *Perkins*, 134 N.C. App. at 492, 518 S.E.2d at 37. When, as here, the appellate court reviews findings of jurisdictional fact entered by the Commission, our decision in *Lucas* requires the reviewing court "to make its own independent findings of . . . jurisdictional fact[] from its consideration of all the evidence in the record." *Lucas*, 289 N.C. at 218, 221 S.E.2d at 261. Accordingly, the Court of Appeals erred in applying the "any competent evidence" standard of review to the jurisdictional question raised by the present case.

IN THE SUPREME COURT

**[2]** Defendants next contend the Court of Appeals erred in affirming the Commission's determination that plaintiff's principal place of employment was within North Carolina. We disagree.

At the outset, we note that section 97-36 does not define "principal place of employment." "Nothing else appearing, the Legislature is presumed to have used the words of a statute to convey their natural and ordinary meaning." *In re McLean Trucking Co.*, 281 N.C. 242, 252, 188 S.E.2d 452, 458 (1972). In the absence of a contextual definition, courts may look to dictionaries to determine the ordinary meaning of words within a statute. *See Black v. Littlejohn*, 312 N.C. 626, 638, 325 S.E.2d 469, 478 (1985); *State v. Martin*, 7 N.C. App. 532, 533, 173 S.E.2d 47, 48 (1970). "Principal" has been defined as "most important, consequential, or influential." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 926 (10th ed. 1993). Therefore, we consider all the evidence of record to determine whether North Carolina was plaintiff's "principal" place of employment as "principal" is used in its natural and ordinary meaning.

In the instant case, plaintiff was assigned to operate a tractor-trailer in Arkansas Trucking's southeastern territory, an area consisting of twelve to thirteen southern states, including North Carolina. Arkansas Trucking employs more than three, but less than ten, truck drivers in North Carolina. Because Arkansas Trucking does not maintain a terminal in this State, plaintiff was dispatched from his residence in Dudley, North Carolina, by a dispatcher in the employer's Doraville, Georgia, terminal. Plaintiff's first pick-ups and last deliveries, including stops in Durham, Charlotte, Kinston, Raleigh, and Roseboro, were scheduled as close to his residence in Dudley as possible to prevent plaintiff from driving with an empty truck. Approximately eighteen to twenty percent of plaintiff's stops were in North Carolina. When he was off the road, plaintiff kept his employer's vehicle at his residence in Dudley. Finally, plaintiff received his paychecks at his residence in Dudley.

After careful review of the evidence of record, we hold that North Carolina constituted plaintiff's principal place of employment under section 97-36(iii). Not surprisingly, as a truck driver, plaintiff did not perform the majority of his job duties in any *one* state. The record reflects, however, that no state, standing alone, had the same degree of significant contacts to plaintiff's employment as North Carolina. We believe our construction of section 97-36, as amended, best promotes the legislative intent behind addition of subsection (iii). *See*

*Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 137 (1990) ("The primary rule of construction of a statute is to ascertain the intent of the legislature and to carry out such intention to the fullest extent."). Accordingly, the Court of Appeals did not err in concluding that the Commission had jurisdiction over the instant workers' compensation claim.

[3] We likewise agree with the Court of Appeals that the "Policies, Procedures and Agreement" form signed by plaintiff upon being hired is an invalid attempt to limit plaintiff's rights to those enumerated under Arkansas workers' compensation law. This agreement conflicts with N.C.G.S. § 97-36 and specifically violates N.C.G.S. § 97-6, which invalidates agreements that operate to relieve an employer of any obligation under the North Carolina Workers' Compensation Act.

Accordingly, the decision of the Court of Appeals is affirmed as modified.

MODIFIED AND AFFIRMED.