***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson, the stipulations submitted by the parties after the record was reopened by the Full Commission, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Stephenson with the minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner, in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1 and the stipulations submitted by the parties after the Full Commission reopened the record, as:
 STIPULATIONS
1. On August 26, 1998 plaintiff sustained an injury in Tennessee, and plaintiff has been provided with workers' compensation benefits under the laws of the State of Alabama since August 26, 1998.
2. On August 26, 1998, an employment relationship existed between the plaintiff-employee and defendant-employer.
3. On August 26, 1998, Travelers Insurance Company was the carrier at risk.
4. On August 26, 1998, plaintiff sustained an injury arising out of and in the course of his employment with defendant-employer.
5. Stipulated Exhibit #2 admitted into evidence, includes the following I.C. Forms: Forms 18, letter acknowledging 18, 33 and attached affidavit of plaintiff dated 26 September 2000; letter acknowledging 33; and 33R.
6. Defendant's Responses to Plaintiff's First Set of Interrogatories are admitted into evidence as Stipulated Exhibit #3.
7. The issues to be determined by this hearing before the Deputy Commissioner are whether the parties are subject to and bound by the North Carolina Workers' Compensation Act and whether the North Carolina Industrial Commission has jurisdiction to hear this claim.
8. On August 26, 1998 U.S. Express Enterprises, Inc. had more than three regular employees.
9. U.S. Express Enterprises, Inc. had more than three employees who as of August 26, 1998 resided in North Carolina.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On August 26, 1998, plaintiff was 31 years old and was employed by U.S. Express Enterprises as a truck driver. U.S. Express Enterprises is engaged in the business of long distance hauling. U.S. Express Enterprises's principal place of business is in Tennessee.
2. Plaintiff attended Johnson County Community College truck driving school. While there, plaintiff received a pamphlet concerning employment with U.S. Express Enterprises. Plaintiff submitted an application and was later informed by phone to go to Alabama. There, plaintiff underwent a physical and a driving test and was hired.
3. Plaintiff worked for U.S. Express Enterprises a period of time and then quit for personal reasons to drive a truck locally. Plaintiff contacted U.S. Express Enterprises again and was rehired after completing another application and physical. Plaintiff was hired as a Southeast regional driver. The date of hire was June 16, 1998.
4. Plaintiff was responsible for driving a truck for U.S. Express Enterprises and hauling loads in thirteen southeastern states, including North Carolina, Tennessee, South Carolina, Alabama and Georgia, among others. Plaintiff was allowed to keep his truck at his home in Dudley, North Carolina, and was told to check North Carolina as his domicile since he lived greater than 100 miles from the terminal. U.S. Express Enterprises does not have any terminals located in North Carolina. U.S. Express Enterprises had more than three employees residing in North Carolina.
5. Plaintiff was issued a ComData Card. This card allowed plaintiff to access funds at truck stops and bank ATM's across the U.S. including truck stops and banks in North Carolina. Plaintiff's paycheck was issued by a Tennessee-based bank and deposited into plaintiff's ComData Card account.
6. Plaintiff received information from dispatch on where to go to pick up a load and where to deliver it. Per plaintiff's dispatch record, 10 of the 37 load origins were in North Carolina and 9 of the 37 load destinations were in North Carolina. Compared with the 19 total of pick-up and drop off locations in North Carolina, Georgia was the only other state with a greater total of pick-ups and drop-offs. Georgia's totaled 22. Plaintiff was not supposed to drive greater than 100 miles empty, and U.S. Express Enterprises scheduled plaintiff's runs so he could return to his home in North Carolina.
7. The dispatch record noted when plaintiff had his truck at home. However, there were at least two occasions when plaintiff had his truck at home that are not specifically reflected on the dispatch record.
8. On August 26, 1998 while at a terminal in Chattanooga, Tennessee, plaintiff sustained a compensable injury to his back while winding a trailer down to hook up with his truck. Plaintiff experienced pain and numbness down his leg. Plaintiff reported the incident and pain to U.S. Express Enterprises. U.S. Express Enterprises sent plaintiff to a one-time visit to a physician in Tennessee and then paid for plaintiff to return to North Carolina by bus.
9. The remainder of plaintiff's medical treatment has been in North Carolina. Plaintiff underwent fusion surgery on May 31, 2000 by Dr. Lestini in Raleigh. At the time of hearing before the Deputy Commissioner, plaintiff was still under Dr. Lestini's treatment.
10. Shortly after plaintiff's compensable injury, plaintiff began receiving workers' compensation checks in the amount of $433.28 per week. These checks were issued under the Alabama Workers' Compensation Act. Plaintiff did not apply to Alabama for benefits and did not notice U.S. Express Enterprises had submitted jurisdiction to Alabama until some time had passed.
11. U.S. Express Enterprises hired a rehabilitation nurse out of Georgia to work with plaintiff. All contact with this nurse has been by phone, and the nurse has never accompanied plaintiff to any doctor's appointment.
12. The greater weight of the evidence is that plaintiff's principal place of employment is in North Carolina. Although plaintiff did a small percentage of runs greater in Georgia than North Carolina, plaintiff kept his truck at his home in North Carolina when he was not on a run. Additionally, defendants are not claiming Georgia has jurisdiction. Plaintiff's runs were scheduled so that he was close to home at the end of a run, in order that he not drive empty. No State, standing alone, including Georgia, has the same degree of significant contacts to plaintiff's employment as North Carolina when all the evidence is considered.
 ***********
Based upon the foregoing findings of fact the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. North Carolina constituted plaintiff's principal place of employment under N.C. Gen. Stat. § 97-36(iii). While the plaintiff, a truck driver, did not perform the majority of his job duties in any one State, including North Carolina, the record does reflect that no State standing alone had the same degree of significant contact to the plaintiff's employment as North Carolina. Perkins v. Arkansas TruckingServices, Inc., 351 N.C. 634, 528 S.E.2d 902 (2000).
2. Plaintiff's compensable injury by accident on August 26, 1998 giving rise to this current claim is within the jurisdiction of the State of North Carolina, and the parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. Further issues regarding benefits are reserved for later determination.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. North Carolina does constitute plaintiff's principal place of employment pursuant to N.C. Gen. Stat. § 97-36 (iii); therefore, North Carolina has jurisdiction of plaintiff's claim, the parties and the subject matter.
2. Plaintiff is currently receiving benefits in the amount of $433.28 per week per Alabama Workers' Compensation Act. No evidence was presented as to plaintiff's entitlement to benefits pursuant to North Carolina Workers' Compensation Act since the sole issue for determination at the hearing before the Deputy Commissioner related to jurisdiction. Other matters, including attorney fees, are reserved for later disposition.
3. Defendants shall pay the costs.
This 13th day of February 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER