***********
The undersigned have reviewed the prior Opinion and Award and the Interlocutory Opinion and Award based upon the record of the proceedings before Commissioner Bolch and Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Therefore, the Full Commission reverses the Opinions and Awards of Commissioner Bolch and Deputy Commissioner Baddour and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. An Opinion and Award was prepared by the parties and filed on June 11, 2002 by Deputy Commissioner Phillip Baddour. This Opinion and Award was entered into with the consent of the parties, however defendants reserved the right to appeal the jurisdictional issue decided in the Interlocutory Opinion and Award of Commissioner Thomas J. Bolch, filed April 26, 2001.
2. On July 12, 1999, the date of the compensable injury by accident, defendants dispute whether they were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. An employee-employer relationship existed between the plaintiff and the employer on July 12, 1999.
4. Defendant-Employer was insured by Liberty Mutual Insurance Co. on the date of the accident.
5. Plaintiff's average weekly wage was $1,000.00, which results in an average weekly wage of $560.00 per week, the maximum allowed by law at the time of the injury.
6. Each of the clinicians identified below is duly licensed to practice medicine in the State of North Carolina and have evaluated or treated Plaintiff.
• Eric Peterson, M.D.
• Steven Buser, M.D.
• Dr. Kenneth Leetz, M.D.
• Dr. Laurie Hamilton, M.D.
7. The parties further stipulate and agree that the following documents may be made a part of the record in this case:
(a) Records of all medical providers listed in number 6;
(b) Industrial Commission Form 18, dated 7-28-99;
(c) Industrial Commission Form 61, dated 10-29-99;
(d) Industrial Commission Form 63, dated 9-15-99;
(e) Industrial Commission Form 33, dated 2-22-99;
(f) Industrial Commission Form 33R, dated 3-28-99;
(g) Agreement, dated 9-16-99; and
(i) Plaintiff's personnel file with defendant employer.
 ***********
Based on the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Defendant-Employer is a trucking company that operates in the contiguous forty-eight states. The principal place of business for defendant-employer is Chester, Virginia where their offices are located. Defendant-Employer places advertisements in local newspapers in order to recruit new drivers. Applicants place the call to Chester, Virginia, where a recruiter conducts an initial interview via the telephone. If the initial interview is successful, defendant-employer buys the applicant a bus ticket from their location to Chester, Virginia. Once the applicant arrives in Chester, Virginia they must pass a drug screening, medical examinations and a driving skills test. After passing these tests, the applicant must undergo a final interview. If the applicant presents well in the final interview, defendant-employer makes a job-offer.
2. Defendant-Employer maintains a regular place of business and truck terminal in Charlotte, North Carolina where it employs at least three or more regular full time employees. Plaintiff was not based out of the Charlotte terminal.
3 Plaintiff is a resident of Candler, North Carolina. Plaintiff has worked for defendant-employer on two separate occasions. Initially, plaintiff was hired as a truck driver by defendant-employer in 1997 after completing the standard interviews and testing in Chester, Virginia. Plaintiff developed colon cancer several months later and resigned his employment in October 1998 with defendant-employer. Plaintiff later recovered from colon cancer.
4 In April 1999, plaintiff contacted defendant-employer to inquire about available positions. Plaintiff was sent a bus ticket to Chester, Virginia. Upon his successful completion of the interviews and testing, plaintiff was offered a position as a truck driver for defendant-employer while in Chester, Virginia. Plaintiff accepted the offer of employment in Chester, Virginia. Thus, the employer-employee relationship was created in Chester, Virginia.
5. Defendant-Employer allowed employees to choose the state for the purposes of withholding income taxes. Plaintiff chose to have his taxes withheld in North Carolina and consequently, defendant-employer also paid into the North Carolina unemployment system as required by law. Plaintiff could have chosen any state in the United States for income tax withholding purposes.
6. Plaintiff's employment with defendant-employer required him to drive throughout the eastern United States. Plaintiff would pick up a load from a terminal and deliver it to various locations.
7. Plaintiff's supervisor was located in Chester, Virginia.
8. Plaintiff was provided a tractor-trailer for his sole use. When plaintiff would request time off, which was usually two days off every two weeks, defendant-employer would attempt to schedule a route that would take plaintiff close to his residence. During his time off, plaintiff was allowed by defendant-employer to store his truck at a rest area in Buncombe County, North Carolina near his home. These were a continuation of his existing trips as his stored truck may have contained a full or partially full load. At no time was plaintiff dispatched from his residence in North Carolina.
9. Plaintiff received information and instructions from defendant-employer via a Qualcom satellite link to a computer in the truck. Plaintiff was not dispatched from the Charlotte terminal.
10. Plaintiff made pick-ups and deliveries throughout the eastern United States. Plaintiff had more pick-ups and deliveries in Virginia than in any other state followed by Pennsylvania and Georgia and then North Carolina. While nineteen percent of plaintiff's pick-ups and deliveries were in Virginia, only eight percent of his pick-ups and deliveries were in North Carolina.
11. On July 11, 1999 plaintiff traveled from Candler, North Carolina, and had made stops in Winston-Salem and Charlotte, North Carolina immediately prior to the accident of July 12, 1999.
12. On July 12, 1999 plaintiff was involved in a motor vehicle accident in Gaffney, South Carolina, when a car crossed the median of the highway and collided with plaintiff's truck. The driver of the car was killed as a result of the accident. Plaintiff was not found at fault for the accident, but suffered personal injuries and Post Traumatic Stress Disorder.
13. The employment contract was created in Virginia. Plaintiff was supervised from Chester, Virginia. Plaintiff performed more pick-ups and deliveries in Virginia than in any other state. Thus, since plaintiff had more significant contacts with Virginia than he did with any other state, including North Carolina for purposes of establishing his principal place of employment, plaintiff's principal place of employment is in Virginia.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following additional
 CONCLUSION OF LAW
N.C. Gen. Stat. § 97-36 provides that when an employee is employed elsewhere than North Carolina and an accident occurs which would be held compensable in North Carolina occurs out-of-state, then compensation shall be paid when one of three circumstances exist. Plaintiff cannot meet the requirements of the first two circumstances as plaintiff's contract of employment was in Virginia, not North Carolina and defendant-employer's principal place of business was in Virginia, not North Carolina. Further, plaintiff cannot meet the third circumstance as his principal place of employment was in Virginia, not North Carolina. While plaintiff, as a truck driver, did not perform the majority of his job duties in any one state, including North Carolina, the record does reflect that no State standing alone had the same degree of significant contact to plaintiff's employment as did the state of Virginia. Perkinsv. Arkansas Trucking Services, Inc., 351 N.C. 634, 528 S.E.2d 902
(2000).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Because the Industrial Commission does not have jurisdiction over the parties or the subject matter in this case, plaintiff's claim is hereby dismissed.
2. Each side shall bear its own costs.
This the 29th day of October 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
DISSENTING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER