I disagree with the majority opinion which finds and concludes that plaintiff's principal place of employment was in Virginia. The majority cited two factors in support of its position: Plaintiff was supervised from Chester, Virginia and plaintiff performed more pick-ups and deliveries in Virginia than in any other state. However, these two factors alone are not determinative. A determination of principal place of employment must be based on all the evidence of record. The Commission must evaluate which states had the highest degree of significant contacts to plaintiff's employment to determine plaintiff's principal place of employment. Perkins v. Arkansas Trucking, Inc., 351 N.C. 634 (2000).
Upon evaluation of all the factors, I am persuaded that plaintiff had the highest degree of significant contacts to his employment in North Carolina. As an over-the-road truck driver, plaintiff drove in more than 20 states, including North Carolina, during the period from April, 1999 when he was rehired by defendant-employer, through the date of his injury on July 12, 1999. Out of 20 trips logged on his trip sheet, plaintiff asserts that 17 of these trips involved operation in North Carolina. The majority found that plaintiff made more pick-ups and deliveries in Virginia than any other state. The trip sheets show that many of these Virginia pick-ups and deliveries were short trips near Chester or Roanoke, Virginia where defendant-employer had terminals. Plaintiff's work schedule consisted of working two full weeks followed by two days off. During his days off, plaintiff parked his truck at a truck stop in Candler, North Carolina as instructed by defendant-employer. The truck was usually loaded for the next trip. Plaintiff always began and ended his two week assignments with pick-ups or deliveries close to his home in North Carolina to prevent traveling long distances with an empty truck.
Plaintiff did not regularly report to any office. His primary place of employment was his truck. He received work assignments through defendant-employer's satellite messaging system which was linked to a computer in his truck. His truck was physically located in North Carolina more than in any other state. He had the option to repair and inspect his truck in North Carolina or Virginia. He had North Carolina income taxes deducted from his check. Defendant reported plaintiff to the North Carolina Employment Security Commission as a North Carolina employee. Plaintiff's paychecks were mailed to his home in North Carolina. Plaintiff was a 24 hours per day, 7 days per week employee. He had to account in his logbook for every hour of his day whether he was driving or not, even when on vacation. He had to log the time he spent in orientation. Plaintiff understood, however, that he was rehired before he left North Carolina. Therefore, plaintiff was under the control and direction of defendant-employer even on his two days off which he spent in North Carolina and during the period of orientation.
Defendant-employer maintains a regular place of business and a truck terminal in Charlotte, North Carolina where it employs three or more full time employees. Plaintiff had the option of having his truck repaired and inspected at this Charlotte terminal. It is unclear from the evidence where the dispatches originated. Plaintiff recognized that the name of the dispatcher from Charlotte appeared on some dispatches. During the three years prior to July 12, 1999, defendant-employer employed more than 199 drivers who were North Carolina residents.
The evidence does establish that plaintiff's supervisor was located in Virginia; but it is also clear that plaintiff's supervisor was primarily a contact person. Plaintiff worked independently. He was told where to go to make pick-ups and deliveries and what his record keeping requirements were. It does not appear from the evidence that his dispatches came from his supervisor and record keeping was explained during orientation. Therefore, it is not highly significant that his supervisor was located in Virginia.
Plaintiff had a greater degree of significant contacts to his employment in North Carolina than in Virginia. For the above reasons, I dissent from the majority Opinion and Award in this case.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER