***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
Plaintiff's motion to introduce the rehire form that was submitted at the hearing before the deputy commissioner but was mistakenly not formally admitted into evidence is HEREBY GRANTED. Defendants' motion to admit the affidavit of Jerry D. Lyles is HEREBY DENIED.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as:
 STIPULATIONS
1. Covenant Transport, Inc., is duly registered as an employer with the North Carolina Industrial Commission subject to the laws of North Carolina, having been assigned an Employer Code Number with the North Carolina Industrial Commission to wit: No. 07591500; with its registered employer address as 211 Webster Road, Greensboro, North Carolina.
 ************
Based upon all the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born on February 15, 1958, and was 46 years old at the time of the hearing before the deputy commissioner. Plaintiff is and has been a resident of Lexington, North Carolina, for approximately twenty years.
2. Plaintiff is a licensed driver in North Carolina as well as having a valid Commercial Drivers License enabling him to drive 18-wheeler tractor-trailers.
3. Defendant-employer's corporate headquarters and principal place of business is located at 400 Birmingham Highway, Chattanooga, Tennessee 37422.
4. In mid-August, 2003, plaintiff placed a call from his home to defendants' national headquarters in Chattanooga, Tennessee seeking employment as an over-the-road driver. As a result of the call, plaintiff received an application packet in the mail to complete and send back to the Chattanooga office. Plaintiff completed the approximate 12-page application and mailed it back. Thereafter, plaintiff received a telephone call in response to his application requesting that he report to defendant-employer's principal place of business for a physical and various tests that are required before plaintiff could be offered employment.
5. On or about September 1, 2003 plaintiff arrived at defendant-employer's principal place of business in Chattanooga, Tennessee where he completed an application for employment. In response to the question "Are you now employed?" plaintiff answered "no." In response to the question "How long since leaving last employment?" plaintiff answered "August 29, 2003." Further plaintiff responded to the question "Rate of pay expected?" with "?(Nego.)." In order to be considered for employment plaintiff was required to submit to a complete medical examination, a drug screen, a written examination on hazardous materials and a road test.
6. While in Tennessee, plaintiff passed his medical examination and drug screen on September 1, 2003. On September 2, 2003 plaintiff took and passed his written test on hazardous materials and his road test which were administered at defendant-employer's principal place of business. On September 3, 2003, plaintiff was offered a job as a truck driver while in Tennessee. Plaintiff signed a document titled "Conditional Offer of Employment." Plaintiff chose Greensboro, North Carolina as his home terminal.
7. The rehire form that plaintiff submitted into evidence dated August 18, 2003 indicated plaintiff previously worked for the company from April 2, 2003 through May 15, 2003. There is a notation on the form that plaintiff will be arriving on August 31, 2003 traveling from Lexington, North Carolina to Chattanooga, Tennessee via bus. Despite the nomenclature of the form, considering the facts as found above, it does not support plaintiff's contention that plaintiff was re-hired on August 18, 2003 via a telephone conversation.
8. Plaintiff left Chattanooga, Tennessee in transportation provided by defendant-employer to arrive at his first assignment in Arkansas driving an eighteen wheeler truck cross-country, picking up product and dropping it off in different locations.
9. Plaintiff received his assignments via a computer that was in the truck.
10. Plaintiff's checks were direct deposited into the account he designated to defendant-employer.
11. Although defendant-employer operates a terminal in Greensboro, North Carolina plaintiff never visited this terminal nor received assignments from this terminal during the length of his employment even though defendant-employer maintains workers' compensation insurance in North Carolina for the purpose of covering the employees of this terminal and in accordance with the North Carolina Workers' Compensation Act.
12. Plaintiff drove 41,996 miles during his employment from September 4, 2003 through November 5, 2003. Only 4% of those miles were driven through North Carolina. Plaintiff admitted that he did not consider North Carolina his principal place of employment.
13. On or about November 5, 2003 plaintiff was involved in a motor vehicle accident in New Mexico. Plaintiff reported the accident to defendant-employer who filed a form titled "Tennessee Department of Labor and Workforce Development Employer's First Report of Work Injury or Illness" with the Tennessee Department of Labor and Workforce Development.
14. Defendant-employer transported plaintiff to Chattanooga, Tennessee and provided medical treatment.
15. On November 7, 2003 plaintiff was released to light duty work which was provided by defendant-employer in Chattanooga, Tennessee. Defendant-employer also provided plaintiff with accomodations and paid plaintiff benefits under Tennessee's equivalent of the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following:
 CONCLUSION OF LAW
N.C. Gen. Stat. § 97-36 provides that when an employee is employed elsewhere than North Carolina and an accident which would be held compensable in North Carolina occurs out-of-state, then compensation shall be paid when one of three circumstances exist. Plaintiff cannot meet the requirements of the first circumstance as plaintiff's contract of employment was in Tennessee, not North Carolina. The test for determining the situs of a contract of employment for purposes of N.C. Gen. Stat. § 97-36 is where the "last act" in the establishment of the contract was performed. Thomas v. Overland Express, Inc., 101 N.C.App 90,398 S.E.2d 921 (1990), discretionary review denied, 328 N.C. 576,403 S.E.2d 522 (1991). In the instant case, the last act occurred in Chattanooga, Tennessee where plaintiff signed and accepted the conditional offer of employment after completing the battery of tests and interviews defendants administered. Next, plaintiff cannot meet the requirements of the second circumstance as defendant-employer's principal place of business was in Tennessee, not North Carolina. Further, plaintiff cannot meet the third circumstance as he admits that his principal place of employment was not in North Carolina. Perkins v. Arkansas TruckingServices, Inc., 351 N.C. 634, 528 S.E.2d 902 (2000).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Because the Industrial Commission does not have jurisdiction over the parties or the subject matter in this case, plaintiff's claim is hereby dismissed.
2. Each side shall bear its own costs.
This the 13th day of October 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER