* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties have been correctly designated and there is no question as to misjoinder or non-joinder of parties.
2. On July 13, 2004, defendant-employer employed more than three employees.
3. On July 13, 2004, an employer-employee relationship existed between the parties.
4. On July 13, 2004, defendant-employer was insured for worker's compensation claims through Insurance Company of the State of Pennsylvania.
5. On July 13, 2004, plaintiff was employed by defendant-employer at an average weekly wage to be determined by a Form 22, by stipulation of the parties or from other wage information provided by the respective parties.
6. In addition, the parties stipulated the following into evidence at the Deputy Commissioner's hearing:
 a. Packet of documents including medical records and reports, Industrial Commission filings, personnel records, payroll records and driver's movement display report.
 b. Letter from Jonathan Winstead to Deputy Commissioner Hall dated November 1, 2004.
7. The Pre-Trial Agreement dated May 3, 2005, which was submitted by the parties, is incorporated by reference.
8. The issues before the Full Commission are whether the State of North Carolina has jurisdiction over plaintiff's claim, whether plaintiff's claim is barred by N.C. Gen. Stat. § 97-22, whether plaintiff sustained an injury by accident or specific traumatic incident of the work assigned on July 13, 2004, and, whether the alleged incident on July 13, 2004 caused or significantly aggravated plaintiff's back condition.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 48 years old at the time of the Deputy Commissioner's hearing. Plaintiff had an 11th grade education and began working as a truck driver in approximately 2001. Plaintiff worked for several trucking companies until April 2004, when he completed and mailed an employment application to defendant-employer. Defendant-employer performed a background check on plaintiff and a representative called plaintiff's home to inform him that he had a job if he wanted it. There was no evidence that plaintiff actually accepted the job offer, however.
2. Defendant-employer sent plaintiff a bus ticket to Gretna, Nebraska, where he visited defendant-employer's facility for orientation and a testing program. Plaintiff passed the road test, the physical and the drug test. Once the paperwork was completed, plaintiff was assigned a truck and sent on the road with the understanding that his home was in North Carolina and that he would be assigned trips which at least started and ended in North Carolina. Defendant-employer hired plaintiff, in part, because he lived in North Carolina and they had a number of regular loads that went in and out of the state.
3. Plaintiff drove freight from Iowa to North Carolina, Illinois, Wisconsin and Kansas between April 23, 2004 and May 17, 2004. Prior to the alleged incident involved in this case, on May 17, 2004, plaintiff was driving his truck in the Chicago area and was waiting at a stoplight. Another truck took a wide turn and struck the side of plaintiff's truck where the trailer was attached. Officer Michael Serrano came to the scene to investigate the accident and noted that plaintiff did not appear to be injured. In fact, plaintiff stated to Officer Serrano that he was fine and plaintiff was active during most of Officer Serrano's investigation. However, plaintiff suddenly collapsed with complaints of neck and back pain. Officer Serrano, who was also an EMT, called an ambulance at plaintiff's request.
4. Following the motor vehicle accident on May 17, 2004, plaintiff filed a workers' compensation claim in Illinois. The claim was initially denied but was subsequently settled.
5. Plaintiff complained of both neck and low back symptoms after the May 17, 2004 motor vehicle accident. On June 4, 2004, Dr. Greg McAvoy, an orthopedic surgeon, diagnosed plaintiff with cervical, thoracic and lumbar spine sprains. However, Dr. McAvoy noted signs of symptom exaggeration because plaintiff complained of extreme pain with light touch. Dr. McAvoy released plaintiff to return to work on June 4, 2004.
6. There was a delay before defendant-employer dispatched plaintiff again, as plaintiff was required to undergo another DOT physical. During the physical, a doctor found evidence of high blood sugar, but the issue was resolved. On July 12, 2004, plaintiff was dispatched from Nebraska to Ottumwa, Iowa to pick up a load.
7. Plaintiff alleges that on July 13, 2004 when he picked up the loaded trailer in Ottumwa, he had to climb under the truck and repeatedly kick a tandem pin mechanism. Plaintiff stated that after 35 to 40 minutes, he felt a pop in his low back with a burning sensation, and that he felt another pop in his low back when he pulled on the pin. Plaintiff testified that his legs gave way and that as he walked towards the tractor, he fell to the ground. Plaintiff stated that two men helped him into the trailer, and he drove his load to Greensboro, North Carolina and then to South Carolina. Plaintiff stated that he reported the incident to an unknown employee with defendant-employer at some unknown time. The Commission does not find plaintiff's allegations regarding the events on July 13, 2004 to be credible.
8. Plaintiff's first record of medical treatment after the July 13, 2004 incident was on July 20, 2004. Plaintiff visited an emergency room at Halifax Regional Medical Center and indicated that he had been walking in a truck stop parking lot not far from his home and lost strength in his legs. Plaintiff called his wife and she took him to the hospital. Plaintiff complained of chronic low back pain, which he said started with the motor vehicle accident on May 17, 2004. There was no mention of a subsequent injury or incident, although the report noted that plaintiff complained of losing strength in his legs.
9. Plaintiff did not report a new injury to defendant-employer, although on July 20, 2004, he spoke with Linda Payton, claims coordinator. Plaintiff's symptoms were treated as part of his May 17, 2004 claim. On August 20, 2004, plaintiff saw Dr. John Hart, a family doctor, and for the first time told him about the alleged July 13, 2004 injury. At his deposition, Dr. Hart stated that he did not have an opinion whether plaintiff was suffering from a mild cervical and lumbar strain prior to the July 13, 2004 incident. Dr. Hart explained that what plaintiff described to him was "consistent with radicular symptoms after the [May 17, 2004] injury, re-aggravated after the [July 13, 2004] injury."
10. Plaintiff was subsequently referred to Dr. David Miller, an orthopedic surgeon, who ordered diagnostic tests. Testing revealed chronic degenerative changes in plaintiff's neck and low back. After a period of conservative treatment with medication, physical therapy and epidural steroid injections, Dr. Miller performed surgery to plaintiff's neck on March 28, 2005 to decompress and fuse the C5-6 and C6-7 interspaces. Plaintiff reported improvement from the operation and discussed with Dr. Miller having similar surgery to his lumbar spine. As of July 21, 2005, plaintiff had not undergone further surgery.
11. At his deposition, Dr. Miller could not say whether plaintiff's May 17, 2004 or July 13, 2004 incident was the major component of his pain. Dr. Miller did indicate that plaintiff's July 13, 2004 incident could or might have aggravated his symptoms of pain in his neck and back, although nothing in his records or testimony indicated that the July 13, 2004 incident caused a change in the intensity or nature of plaintiff's underlying, pre-existing condition.
12. Defendants denied this claim on multiple grounds, including jurisdiction. Plaintiff was injured in Iowa and defendant-employer's offices were only in Florida, Nebraska and Indiana. Plaintiff did not establish that he was hired in North Carolina. Although he lived in Enfield, North Carolina, and kept his truck at his home on his days off, plaintiff was dispatched by a satellite system installed in his truck and was paid by a "com card," where the company put money on a bank card and plaintiff could withdraw cash at banks or truck stops. However, plaintiff had twice as many pick-ups and deliveries in North Carolina as he had in any other state. Plaintiff's first pick-up and last delivery for each trip were usually scheduled in North Carolina, so that he would be close to home. Although he traveled as far as Nebraska in his employment as a truck driver for defendant-employer, plaintiff had the most contacts in North Carolina. Consequently, North Carolina was plaintiff's principal place of employment. The Deputy Commissioner denied plaintiff's claim based upon a lack of proof that defendant-employer had three or more employees in North Carolina. However, the parties stipulated that at the time of the alleged injury by accident, defendant-employer employed more than three employees.
13. The Full Commission finds that plaintiff did not prove by the greater weight of the credible evidence that he sustained an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned on July 13, 2004. Further, plaintiff failed to prove by the greater weight of the medical evidence that his cervical and lumbar spine conditions were causally related to the alleged incident on July 13, 2004.
14. Further, plaintiff did not timely report an injury by accident to his employer within 30 days of the alleged incident. He did not have reasonable excuse for the delay. However, defendants presented no evidence of any prejudice from the delay in receiving notice.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission has jurisdiction over this claim in that plaintiff's principal place of employment was in North Carolina. N.C. Gen. Stat. § 97-36; Perkins v. Arkansas Trucking Servs.,Inc., 351 N.C. 634, 528 S.E.2d 902 (2000).
2. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6).
3. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of the employment. Henry v.Leather Co., 231 N.C. 477, 57 S.E.2d 760(1950).
4. In this case, plaintiff did not sustain a compensable injury by accident arising out of and in the course of his employment on July 13, 2004. N.C. Gen. Stat. § 97-2(6). Further, plaintiff failed to show that a causal relationship existed between the alleged incident on July 13, 2004 and the disability for which compensation is sought. Click v.Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
5. Therefore, plaintiff is not entitled to benefits under the Workers' Compensation Act for his alleged back injury. N.C. Gen. Stat. § 97-29.
6. Plaintiff's claim also is barred by his failure to give timely notice to defendant-employer, as required by N.C. Gen. Stat. § 97-22.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim for workers' compensation benefits must be and hereby is DENIED.
2. Each side shall pay its own costs.
This 26th day of October, 2006.
 S/________________________ LAURA KRANIFELD MAVRETIC, COMMISSIONER
CONCURRING:
 S/_________________________ DIANNE C. SELLERS, COMMISSIONER
DISSENTING WITHOUT WRITTEN OPINION:
 S/________________________ THOMAS J. BOLCH, COMMISSIONER