***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of Deputy Commissioner Holmes.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The date of injury subject to this claim is January 11, 2008. *Page 2 
2. On January 11, 2008, plaintiff sustained an injury by accident in Virginia, arising out of and in the course and scope of his employment with defendant-employer, when he was electrocuted after falling into a fuse box.
3. Plaintiff has been out of work, and is receiving temporary total disability benefits and medical benefits subsequent to the date of injury through the present time, in accordance with the Commonwealth of Virginia's workers' compensation system.
4. In the event a final determination is made that North Carolina has jurisdiction, plaintiff would be entitled to temporary total disability benefits under North Carolina law and defendant would be entitled to a credit for all benefits provided to plaintiff as a result of his January 11, 2008 injury, as provided in accordance with the Commonwealth of Virginia workers' compensation law.
5. Plaintiff is a citizen and resident of Virginia.
6. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times herein.
7. On January 11, 2008, defendant-employer employed three (3) or more employees in the State of North Carolina.
8. On January 11, 2008, defendant-employer was self-insured, and Sedgwick CMS was the third-party administrator for the purpose of this claim.
9. The issue before the Full Commission on appeal is whether the North Carolina Industrial Commission has jurisdiction over plaintiff's claim pursuant to N.C. Gen. Stat. § 97-36.
10. The following exhibits were stipulated into evidence:
 (a) Stipulated Exhibit #1: Complaint for Workers' Compensation Benefits filed in Tennessee *Page 3 
 (b) Stipulated Exhibit #2: Amended Complaint for Workers' Compensation Benefits filed in Tennessee
 (c) Stipulated Exhibit #3: Motion to Dismiss filed in Tennessee
 (d) Stipulated Exhibit #4: Memorandum of Law in Support of Defendant's Motion to Dismiss filed in Tennessee
 (e) Stipulated Exhibit #5: Order for Non-Suit filed in Tennessee
 (f) Stipulated Exhibit #6: Defendant's Response to Plaintiff's First Set of Interrogatories
 (g) Stipulated Exhibit #7: Plaintiff's Responses to Defendant's First Set of Interrogatories to Plaintiff
 ***********
Based upon all the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 40 years old and resided in Jonesville, Virginia. *Page 4 
2. On January 11, 2008, plaintiff sustained an injury by accident while working in Virginia arising out of and in the course of his employment with defendant-employer. Plaintiff was electrocuted after falling into a fuse box. Plaintiff sustained substantial burns to his hands and lost four fingers on his left hand with a partial stump remaining on his left index finger and lost the right little finger on his right hand. Plaintiff had undergone fourteen surgeries to his hands at the time of the hearing before the Deputy Commissioner.
3. In 2002, plaintiff was originally hired by defendant-employer as a lawn and garden technician. Plaintiff worked until October 2003 in this capacity for defendant-employer, until he accepted a position with a different employer.
4. In 2004, plaintiff subsequently interviewed with defendant-employer in Johnson City, Tennessee, with Cathy Lewis, technical manager. Plaintiff was rehired by defendant-employer on or about March 4, 2004 to work in a lawn and garden technician position. Plaintiff's contract of employment with defendant-employer was made in Tennessee. Plaintiff was assigned to the Charlotte, North Carolina district, which was later renamed the Pineville, North Carolina district. Plaintiff remained in this position with defendant-employer until March 2007.
5. Around March 2007, plaintiff transferred to a generalist position with defendant-employer. In this position plaintiff worked as a technician for appliances in heating and air conditioning. Plaintiff spent all his time working out of a van and did not have an actual office. Plaintiff's base or home office was in Johnson City, Tennessee, where his supervisor, Ms. Lewis, was located. *Page 5 
6. Defendant-employer employed approximately 170 service technicians out of the Charlotte, North Carolina, district, including plaintiff. Most of these employees physically worked outside the Charlotte area. The Charlotte district is comprised of six states including parts of Kentucky, Tennessee, West Virginia, North Carolina, Virginia, West Virginia and South Carolina.
7. Plaintiff performed the majority of his work in Kentucky, but also performed work in Virginia, Tennessee, West Virginia and North Carolina. However, plaintiff performed the least amount of his work in North Carolina. During his employment from 2002 through 2007, plaintiff worked twice in North Carolina: in Boone as a lawn and garden technician in May 2006 and in Newland and Linville in March and April 2007. Plaintiff was assigned to Call Load E, which included Wise County, Virginia and Harlan County, Kentucky, but he worked in other counties in his call load.
8. Plaintiff received his daily assignments through a laptop provided by defendant-employer. Assignments were sent through the Capacity Area Response System which is housed in Michigan, where the assignments were generated and sent to technicians nightly. The regional routing office in Raleigh, North Carolina, then made any additional manipulations to the assignments as were necessary. Plaintiff also received phone calls on about 5% of his assignments, mostly from Kathy Lewis. These calls were related to changes made in the route assignment after it was sent out. *Page 6 
9. Anthony Marder is the district operations manager in the Charlotte, North Carolina, district for defendant-employer. Mr. Marder indicated that during his three and one-half years of employment with defendant-employer, he never saw plaintiff present, working in, or visiting the office in North Carolina. Mr. Marder met plaintiff for the first time after plaintiff's accident while plaintiff was hospitalized at Baptist Hospital in Winston-Salem.
10. The totality of the evidence indicates and the Full Commission finds that on January 11, 2008, plaintiff's principal place of employment was not in North Carolina. The reasonable inference from the evidence is that plaintiff's principal place of employment was in Tennessee, where the employment contract was made, his supervisor and base office were located, and he made significant numbers of service calls.
11. On January 11, 2008, defendant-employer's principal place of business was in Hoffman Estates, Illinois.
12. Plaintiff has been paid temporary total disability and medical benefits from the date of injury through the date of the hearing before the Deputy Commissioner in accordance with the Commonwealth of Virginia's workers' compensation laws.
13. On or about January 12, 2009, plaintiff filed a complaint for workers' compensation benefits in Tennessee. Defendant filed a Motion to Dismiss. In the Memorandum of Law in support of the Motion to Dismiss, defendant asserted that plaintiff entered into an employment contract in North Carolina and was hired in North Carolina. In the same document defendant asserted that the employment contract was made in Virginia. Plaintiff subsequently took a voluntary dismissal of the Tennessee claim. The court in Tennessee did not rule on plaintiff's complaint or defendant's Motion to Dismiss. Because the subject statements *Page 7 
concerning the employment contract were made during the course of legal argument, these statements were not admissions and are not binding on defendant.
14. Plaintiff did not prosecute this action without reasonable grounds.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission has subject matter jurisdiction over claims arising out of accidents occurring outside North Carolina if (1) the employee's contract of employment was made in North Carolina; (2) the employer's principal place of business is in North Carolina; or (3) the employee's principal place of employment is in North Carolina. N.C. Gen. Stat. § 97-36.
2. The greater weight of the evidence before the Commission shows that the contract of employment between plaintiff and defendant-employer was made in Tennessee. However, plaintiff argues that defendant admitted that the employment contract was completed in North Carolina in their pleadings in the Tennessee workers' compensation case. There are three factors used to determine if the doctrine of judicial estoppel is applicable. WhitacrePartnership v. Biosignia, Inc.,358 N.C. 1, 591 S.E.2d 870 (2004). These factors are first that a "party's subsequent position must be clearly inconsistent with its earlier position"; second is "whether the party has succeeded in persuading a court to accept that party's earlier position"; and third is "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."Id. at 28, 29, 591 S.E.2d at 888, 889. After weighing these three factors, although defendant appears to have taken an *Page 8 
inconsistent position in Tennessee pleadings to that taken in North Carolina pleadings, the stated position regarding plaintiff's employment contract in their Tennessee Motion to Dismiss was never accepted or ruled upon by the Tennessee court. Defendant does not therefore derive an unfair advantage, as Virginia has accepted jurisdiction and plaintiff is currently receiving benefits there. Additionally, the subject statements were arguments made by counsel during the course of legal argument and are therefore not judicial admissions nor are they binding on defendant in a subsequent action. Bryant v. Thalhimer Brothers, Inc.,133 N.C. App. 1, 437 S.E.2d 519 (1993). Therefore, defendant is not estopped from asserting lack of an employment contract in North Carolina. Plaintiff did not enter an employment contract in North Carolina.
3. The last act giving rise to plaintiff's employment with defendant-employer did not take place in North Carolina. Therefore, plaintiff's contract of employment with defendant-employer was not made in North Carolina, but rather was made in Tennessee.Thomas v. Overland Express, Inc.,101 N.C. App. 90, 398 S.E.2d 921 (1990).
4. Defendant-employer's principal place of business is in Illinois and not in North Carolina. N.C. Gen. Stat. § 97-36.
5. Plaintiff's principal place of employment with defendant-employer was not in North Carolina. The North Carolina Supreme Court has defined the word "principal" in accordance with N.C. Gen. Stat. § 97-36 as "most important, consequential or influential." Perkins v. Arkansas Trucking Servs.,351 N.C. 634, 638, 528 S.E.2d 902, 904 (2000). Unlike the evidence in Perkins, the evidence in the case before us does not show that no other state had the same degree of significant contacts to plaintiff's employment as North Carolina. Plaintiff had minimal contacts with North Carolina and had greater, more significant contacts with Tennessee. *Page 9 
 See, Davis v. Great Coastal Express, 169 N.C, App. 607, 610 S.E.2d 276, disc. rev. denied,359 N.C. 630, 616 S.E.2d 231 (2005).
6. The Industrial Commission, therefore, does not have jurisdiction over plaintiff's injury of January 11, 2008, giving rise to this claim. N.C. Gen. Stat. § 97-36; see, Thomas v.Overland Express, Inc., 101 N.C. App. 90, 398 S.E.2d 921 (1990),disc. rev. denied, 328 N.C. 576, 403 S.E.2d 522 (1991).
7. Plaintiff's prosecution of this claim was reasonable and not stubborn, unfounded litigiousness, and, therefore, defendant is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v. Mountain BreezeRestaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. In that the North Carolina Industrial Commission does not have subject matter jurisdiction over this claim, plaintiff's claim for benefits in North Carolina must be under the law and is hereby DENIED.
2. Each side shall bear its own costs.
This 16th day of April 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 10 
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER