EDITH C. BISCHOFF DODDS v. ST. LOUIS UNION TRUST COMPANY
AND E. W. GROVE, JR., TRUSTEES UNDER THE WILL OF E. W. GROVE ET AL.

(Filed 20 September, 1933.)

1. **Easements A b—Deed to lot in development carried easements in streets and improvements but created no right to maintenance of improvements.**

   The purchaser of lands in a "model village" development project, while she may be a dominant tenant over the streets laid out and in respect to other improvements contemplated, cannot by her purchase acquire a right as against her grantor for the continuous maintenance and upkeep of the contemplated improvements in the absence of an express contractual agreement to that effect, and the provisions of the deed in this case excepting rights of way for water and sewer lines to the grantee were inserted for the protection of the grantee and did not constitute a contract for such maintenance.

2. **Deeds and Conveyances C f—Contract of sale held not to embrace maintenance of improvements in development in which lot was situate.**

   The owner of lands laid them out into streets with water and sewer systems and other improvements, advertising that the development was a

bold experiment in scientific town planning and contemplated the creation of a "model village," and sold one of the lots to the plaintiff after having proceeded with the proposed physical development, the plaintiff then being satisfied, but becoming subsequently dissatisfied when the improvements were not maintained : *Held*, plaintiff cannot maintain an action for breach of contract in the sale of her lot for failure to maintain the improvements, there being no evidence that the contract of the parties covered the continued maintenance of the improvements, or that the grantor's agents were authorized to make agreement to that effect.

3. **Contracts A b—Offer and acceptance in same terms and mutuality of agreement are essential to legal contract.**

An offer and acceptance in the same terms are the foundations of an enforceable contract, and to this end the offer must be communicated and accepted in exact terms and same sense, for the necessary mutuality of agreement of the parties.

Clarkson, J., concurring.

Appeal by plaintiff from judgment of nonsuit by *Alley, J.,* at March Term, 1933, of Buncombe. Affirmed.

The following is an abridged statement of the cause of action. In 1925 E. W. Grove undertook the development near Asheville of a residential subdivision of his property to be known as Grovemont-on-Swannanoa. He laid off alleys and streets, had some of them paved, installed lines for water and sewage, and represented to the plaintiff, as an inducement to her purchase of a lot, that the village should be modern, and that he and his representatives would maintain the alleys, streets, water and sewer system, parks and squares, and shrubbery and grass for the benefit of the residents and owners of property. On 26 March, 1925, the plaintiff bought one of the lots, left the county in 1929, and returned in June, 1932, finding that her property was not satisfactory inasmuch as it had not been maintained and kept in repair.

The plaintiff filed an amended complaint seeking upon relevant allegations to enjoin the transfer of the water and sewer system to the Swannanoa Water and Sewer District.

The defendants filed answers, the cause came on for hearing, and at the close of the plaintiff's evidence the court dismissed the action as in case of nonsuit. The plaintiff excepted and appealed.

*R. E. Finch and Weaver & Miller for plaintiff.*
*Merrimon, Adams & Adams and Clinton K. Hughes for defendants.*

Adams, J. The cause of action is an alleged breach of contract by the defendants; all other questions are waived except such as relate to the application for an injunction, and these are ancillary. The primary

breach, as averred by the plaintiff, is the failure of the defendants to maintain the "model village" as originally planned and laid out, according to the terms of the agreement set forth in the complaint. In their answers the defendants deny, not only the breach, but the execution of the asserted contract.

The plaintiff received her deed for the lot in question from E. W. Grove on 26 March, 1925, and at that time she was "entirely satisfied" with her purchase and her property. Her dissatisfaction arose at a later date. It may be granted that by virtue of her deed she acquired certain easements and that her lot became the dominant tenement with respect to her rights and privileges as described in her conveyance; but unless there was an agreement to that effect the servient tenement was not obligated to maintain such easements or to keep them in repair. *Richardson v. Jennings,* 184 N. C., 559; *Lamb v. Lamb,* 177 N. C., 150. The deed expressly excepts rights of way for water and sewer lines with privilege reserved to the grantor and his representatives to occupy the rights of way for the purpose of constructing and repairing the lines; but this stipulation was necessary for the protection of the grantor and his trustees, owners of the greater part of the property, and was evidently inserted primarily for their benefit and not as a contractual right of the grantee.

As stated in the complaint the cause of action is founded specifically upon certain representations said to have been made by E. W. Grove chiefly in circulars and newspapers, but in part by his agents and salesmen, to the public generally and particularly to the plaintiff. He represented, so the plaintiff alleges, that he owned a large watershed on the property from which he would furnish for the residents of the village pure spring water already stored in a reservoir in the mountains; that he would transform the property into a modern village; and that he would maintain the village with all its improvements for residential purposes. These are the material allegations, but the advertisements offered in evidence were nothing more than the statement of a proposed plan for the development of the property: engineers had surveyed the site, streets had been graded, water had been provided, electric lines were under construction. The scheme was described as "a bold experiment in scientific town planning"; as an example of what a municipality can be when planned by experts; as an idea of beautifying a thousand acres of land. The duty of the agents and salesmen was merely to show the property to prospective purchasers of the lots.

The evidence falls short of a contract on the part of E. W. Grove or his trustees to perpetuate or maintain the village as at first laid out or as it was constructed when the plaintiff made her purchase. It is revealed by the plaintiff's evidence that the indefinite maintenance of

the improvements was not contemplated in the contracts of sale and that the salesmen were not authorized to make any agreement to that effect.

In the formation of a contract an offer and an acceptance are essential elements; they constitute the agreement of the parties. The offer must be communicated, must be complete, and must be accepted in its exact terms. *Gravel Co. v. Casualty Co.,* 191 N. C., 313; *Rucker v. Sanders,* 182 N. C., 609. Mutuality of agreement is indispensable; the parties must assent to the same thing in the same sense, *idem re et sensu,* and their minds must meet as to all the terms. *Croom v. Lumber Co.,* 182 N. C., 217.

The application of this principle defeats the plaintiff's recovery for breach of contract. Neither in the advertisements nor in negotiations with the salesmen was there an offer by Grove to keep up and maintain the improvements in the village and hence no acceptance of such an offer by the plaintiff. The "experiment in scientific town planning in anticipation of fifty years' growth" may or may not have been a fantastic conception, but like many other "best-laid schemes" it seems to have failed of its purpose, apparently to the indiscriminate detriment of all who were financially interested in its success.

There are several exceptions to the admission and rejection of evidence but none of sufficient gravity to justify a new trial.

As the judgment of nonsuit is sustained the cause stated in the amended complaint necessarily fails. Judgment

Affirmed.

CLARKSON, J., concurring: I concur in the opinion of *Mr. Justice Adams,* but there is a feature that I desire to stress. The complaint alleges: "The said defendants have permitted the said community to become dilapidated in appearance, permitting one of the lakes, which was advertised as a major attraction in the exploitation of the said lands, to be drained off, and the same has become unsanitary, and threatens to become a menace to health, and a nuisance generally, all to the great damage of this plaintiff," etc.

This aspect of the complaint is indefinite and uncertain. I think the law well settled that if defendants own and control the lake and allow or permit it to be a menace to health, and a nuisance to the neighborhood and those who own property and live around it are materially affected by the bad and noxious odors, etc., plaintiff would have a cause of action against defendants. See *Snell v. Chatham,* 150 N. C., 729; *Swinson v. Realty Co.,* 200 N. C., 276; *Holton v. Oil Co.,* 201 N. C., 744.