MANUEL DAVIS, Employee, Plaintiff-Appellant v. GREAT COASTAL EXPRESS, Employer, Defendant-Appellee, LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendant-Appellee

No. COA04-439

(Filed 5 April 2005)

### 1. Workers' Compensation— truck driver—jurisdiction

The Industrial Commission did not have jurisdiction to hear the workers' compensation claim of a truck driver who made pick-ups and deliveries across the eastern part of the United States for a company based in Virginia, who received his instructions over a computer in a company truck, who lived in North Carolina, and who was injured in a traffic accident in South Carolina.

### 2. Workers' Compensation— truck driver—jurisdiction—finding

In a workers' compensation case in which the issue was jurisdiction, competent evidence supports the Industrial Commission finding that plaintiff was in the middle of existing trips when he returned home to North Carolina and was not dispatched from his residence.

Appeal by plaintiff from opinion and award entered 2 December 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 December 2004.

*Ganly & Ramer, by Thomas F. Ramer, for plaintiff-appellant.*

*Mullen Holland & Cooper P.A., by James R. Martin, for defendants-appellees.*

McGEE, Judge.

Manuel Davis (plaintiff), an employee of Great Coastal Express (defendant), was injured in a motor vehicle accident in the course and scope of his employment on 12 July 1999. Defendant hired plaintiff in April 1999 as an over-the-road truck driver and issued him a company truck. Plaintiff's duties included making pick-ups and deliveries across the eastern part of the United States. Plaintiff normally had two days off every two weeks, during which he returned to his home in Enka, North Carolina. Defendant's headquarters was located in Chester, Virginia. Plaintiff received instructions from defendant for

pick-ups or deliveries over a QualCom computer system installed in plaintiff's company truck.

On the day of the accident, plaintiff left his home in Enka, made deliveries in Winston-Salem and Charlotte, and then drove into South Carolina to make a delivery. In Gaffney, South Carolina, a vehicle crossed the highway median and collided with plaintiff's truck. Plaintiff suffered injuries and post traumatic stress disorder. Plaintiff filed for worker's compensation in North Carolina on 28 July 1999. Defendant denied plaintiff's workers' compensation claim on grounds that the North Carolina Industrial Commission (the Commission) did not have jurisdiction over plaintiff's workers' compensation claim.

A commissioner, acting as the initial hearing officer, issued an interlocutory opinion and award on 26 April 2001, finding that the Commission had jurisdiction over plaintiff's claim. In an opinion and award entered 11 June 2002, a deputy commissioner awarded plaintiff temporary total disability benefits, medical expenses, and attorney's fees. Defendant appealed to the Commission, which reversed the deputy commissioner's opinion, finding that the Commission did not have jurisdiction over plaintiff's claim because Virginia, not North Carolina, was plaintiff's principal place of employment. Plaintiff appeals.

N.C. Gen. Stat. § 97-36 provides:

> Where an accident happens while the employee is employed elsewhere than in this State and the accident is one which would entitle him . . . to compensation if it had happened in this State, then the employee . . . shall be entitled to compensation (i) if the contract of employment was made in this State, (ii) if the employer's principal place of business is in this State, or (iii) if the employee's principal place of employment is within this State[.]

N.C. Gen. Stat. § 97-36 (2003). Because plaintiff's accident occurred in South Carolina, North Carolina has jurisdiction over plaintiff's workers' compensation claim only if one of the three provisions in N.C.G.S. § 97-36 applies.

Plaintiff did not contest that the employment contract was not made in North Carolina, nor that defendant's principal place of business was not in North Carolina. Therefore, the issue before the Commission was whether North Carolina was plaintiff's principal place of employment. The Commission found as fact and concluded

as law that "plaintiff [could not] meet the third circumstance as his principal place of employment was in Virginia, not North Carolina."

[1] Plaintiff first argues the Commission erred in this conclusion of law. Generally, our Court's review of an opinion and award of the Commission is limited to evaluating "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). However, our Supreme Court has held that "the Commission's findings of jurisdictional fact are *not* conclusive on appeal, even if supported by competent evidence." *Perkins v. Arkansas Trucking Servs., Inc.*, 351 N.C. 634, 637, 528 S.E.2d 902, 903-04 (2000) (citing *Lucas v. Stores*, 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976); *Askew v. Tire Co.*, 264 N.C. 168, 174, 141 S.E.2d 280, 284 (1965); *Aycock v. Cooper*, 202 N.C. 500, 505, 163 S.E. 569, 571 (1932)). Rather, the reviewing court has the duty "to make its own independent findings of . . . jurisdictional facts from its consideration of all the evidence in the record." *Perkins*, 351 N.C. at 637, 528 S.E.2d at 904 (quoting *Lucas*, 289 N.C. at 218, 221 S.E.2d at 261).

Plaintiff contends his principal place of employment was in North Carolina, and we must consider the record evidence to determine whether North Carolina was his principal place of employment. Plaintiff first analogizes the present case to that of *Perkins*, which had similar facts, and in which our Supreme Court determined that North Carolina was the plaintiff's principal place of employment. *See Perkins*, 351 N.C. at 638, 528 S.E.2d at 904. The plaintiff in *Perkins* was a truck driver who was assigned to twelve to thirteen states in the southeast, including North Carolina. *Id.* Approximately eighteen to twenty percent of the plaintiff's stops were in North Carolina and because the plaintiff's employer, Arkansas Trucking, did not have a terminal in North Carolina, the plaintiff was dispatched from his home in Dudley, North Carolina. *Id.* The plaintiff also kept his employer's truck at his residence in Dudley when the plaintiff was "off the road." *Id.* Our Supreme Court stated: "Not surprisingly, as a truck driver, plaintiff did not perform the majority of his job duties in any *one* state. The record reflects, however, that no state, standing alone, had the same degree of significant contacts to plaintiff's employment as North Carolina." *Id.*

Plaintiff argues that the present case is similar to *Perkins* in that plaintiff kept his truck at a truck stop in Candler, North Carolina when plaintiff was off the road; he began and ended his trips in North

Carolina; he was dispatched from the Candler truck stop through the QualCom computer in his truck; and he made a significant percentage of his stops in North Carolina. Nevertheless, plaintiff concedes, even by his count, that only fourteen percent of his stops were made in North Carolina, as compared to approximately eighteen to twenty percent made by the plaintiff in *Perkins. See Perkins*, 351 N.C. at 638, 528 S.E.2d at 904.

Plaintiff argues that even more than in *Perkins*, North Carolina was plaintiff's principal place of employment because defendant had a terminal in Charlotte from which plaintiff was sometimes dispatched. We note, however, that the Commission found that "[p]laintiff received information and instructions from defendant-employer via a Qualcom satellite link to a computer in the truck. Plaintiff was not dispatched from the Charlotte terminal."

Contrary to plaintiff's arguments, the present case raises an issue not present in *Perkins*, namely that Virginia, standing alone, had more significant contacts to plaintiff's employment than North Carolina. *See Perkins*, 351 N.C. at 638, 528 S.E.2d at 904 (stating that according to the record, "no state, standing alone, had the same degree of significant contacts to plaintiff's employment as North Carolina."). Defendant argues that Virginia had more significant contacts with plaintiff's employment because plaintiff accepted employment in Virginia, was supervised by a person in Virginia, and his paychecks were issued in Virginia. Most persuasive to our Court is the fact that plaintiff had more pick-ups and deliveries in Virginia than in any other state. Defendant argues, and the Commission found, that "nineteen percent of plaintiff's pick-ups and deliveries were in Virginia, only eight percent of his pick-ups and deliveries were in North Carolina." In reviewing plaintiff's travel logs from 25 April 1999 to 11 July 1999, there are similar percentages showing approximately ten percent of plaintiff's pick-ups and deliveries in North Carolina and approximately eighteen percent in Virginia. Plaintiff also drove considerably more miles in Virginia than in any other state, and since plaintiff was paid by the mile, the majority of his income came from work performed in Virginia.

Plaintiff argues that this evaluation of his principal place of employment violates our Workers' Compensation Act in that defendant testified that it considered all of its employees to have their principal place of employment in Virginia for workers' compensation purposes. We agree that having a policy that operates to relieve an employer of any obligation under the North Carolina Workers'

Compensation Act would violate N.C. Gen. Stat. § 97-6 (2003). *See Perkins*, 351 N.C. at 639, 528 S.E.2d at 905 (holding invalid Arkansas's policy form that attempted to limit the plaintiff's rights to seek workers' compensation in any state other than Arkansas). However, in the case before us, defendant's policy is not relevant to our determination as to whether North Carolina is the proper jurisdiction for plaintiff's workers' compensation claim. Unlike *Perkins*, the evidence in this case does not demonstrate that no other state "had the same degree of significant contacts to plaintiff's employment as North Carolina." *See Perkins*, 351 N.C. at 638, 528 S.E.2d at 904. To the contrary, the evidence in the present case shows that Virginia had more significant contacts to plaintiff's employment than North Carolina.

Plaintiff further asserts, however, that North Carolina was the principal place of his employment because North Carolina is where plaintiff "focused his duties and trips." Plaintiff notes that our Supreme Court defined "principal" to mean "most important, consequential, or influential." *Perkins*, 351 N.C. at 638, 528 S.E.2d at 904 (quoting Merriam Webster's Collegiate Dictionary 926 (10th ed. 1993)). He contends that North Carolina was the most "consequential" place for plaintiff's employment because defendant organized plaintiff's trips so that plaintiff would be as close as possible to his residence in Enka when plaintiff ended a two-week assignment. Under our standard of review, however, competent evidence supports the Commission's finding that plaintiff's returning to his home in North Carolina every two weeks was "a continuation of his existing trips as his stored truck may have contained a full or partially full load. At no time was plaintiff dispatched from his residence in North Carolina."

Plaintiff similarly argues that North Carolina was the "most important" place for plaintiff's employment because he was treated like an employee in North Carolina for income tax purposes. However, we find that plaintiff's having taxes withheld from his paycheck was more a result of plaintiff's residence in North Carolina, rather than his place of employment being in North Carolina. As the Commission found:

> 5. Defendant-Employer allowed employees to choose the state for the purposes of withholding income taxes. Plaintiff chose to have his taxes withheld in North Carolina and, consequently, defendant-employer also paid into the North Carolina unemployment system as required by law. Plaintiff could have chosen any state in the United States for income tax withholding purposes.

Since N.C.G.S. § 97-36 does not provide that an employee's residence establishes jurisdiction for receiving workers' compensation benefits, we find plaintiff's arguments unpersuasive.

For the foregoing reasons, we conclude that North Carolina was not plaintiff's principal place of business. Thus, pursuant to N.C.G.S. § 97-36, North Carolina's Industrial Commission did not have jurisdiction to hear plaintiff's workers' compensation claim, and we affirm the Commission's opinion and award.

[2] Plaintiff also assigns as error the Commission's findings of fact numbers eight and ten. However, plaintiff fails to argue why finding of fact number ten was an error and we deem this assignment of error to be abandoned pursuant to N.C.R. App. P. 28(b)(6). Finding of fact number eight states:

> 8. Plaintiff was provided a tractor-trailer for his sole use. When plaintiff would request time off, which was usually two days off every two weeks, defendant-employer would attempt to schedule a route that would take plaintiff close to his residence. During his time off, plaintiff was allowed by defendant-employer to store his truck at a rest area in Buncombe County, North Carolina near his home. These were a continuation of his existing trips as his stored truck may have contained a full or partially full load. At no time was plaintiff dispatched from his residence in North Carolina.

Specifically, plaintiff argues that there is no evidence to support the last sentence: "At no time was plaintiff dispatched from his residence in North Carolina." We disagree.

As stated above, the Commission's findings of fact will be upheld on appeal if supported by any competent evidence. *See Deese*, 352 N.C. at 116, 530 S.E.2d at 553. Even if there is evidence to the contrary, we will affirm an opinion and award of the Commission when competent evidence supports the opinion and award. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004). In the present case, plaintiff presents his own testimony as evidence that he began and ended his trips at his home in Enka, North Carolina, and that he received dispatch instructions over the QualCom computer in his truck. However, other evidence presented, including plaintiff's testimony, showed that plaintiff generally already had his dispatch instructions and the cargo load for his next delivery when plaintiff stopped in Candler, North Carolina to return home. Thus, competent

evidence supports the finding that plaintiff was in the middle of existing trips when he returned home, and that he was not dispatched from his residence. We affirm the Commission's order and award.

Affirmed.

Judges WYNN and TYSON concur.