GLEN B. MOORE, Employee, Plaintiff
v.
COVENANT TRANSPORT, INC., Employer, Defendant
REGAL INSURANCE COMPANY OF TENNESSEE, Carrier, Defendant.
No. COA06-226
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Raymond M. Marshall for plaintiff-appellant.
Brown, Crump, Vanore & Tierney LLP, by Andrew A. Vanore, III and W. John Cathcart, Jr., for defendant-appellee.
CALABRIA, Judge.
Glen B. Moore ("plaintiff") appeals from an Opinion and Award of the North Carolina Industrial Commission ("the Commission") dismissing plaintiff's claim for lack of jurisdiction. We affirm.
Plaintiff, a resident of Lexington, North Carolina, requested an employment application from Covenant Transport, Inc. ("defendant"), a Tennessee Corporation, which he completed and returned to defendant's headquarters in Chattanooga, Tennessee. After receiving the completed application, defendant invited plaintiff to travel to Chattanooga for an orientation. When plaintiff arrived at defendant's corporate headquarters, he was required to complete another employment application. While in Chattanooga, plaintiff was also required to complete additional paperwork, submit to a physical examination and drug screening, and complete a three-day orientation. After plaintiff completed all of the requirements, defendant offered plaintiff a position as an over-the-road truck driver. Plaintiff accepted the position and was driven to Arkansas where he began his first assignment.
On 5 November 2003, plaintiff was injured when the tractor-trailer he was driving flipped over on its side as plaintiff was turning onto an exit within the city limits of Moriarty, New Mexico. Since he suffered injuries as a result of the accident, he filed a claim with defendant. Plaintiff was placed on a light-duty, clerical assignment. After working on light-duty for approximately one week, plaintiff returned to his home in Lexington, North Carolina. Before returning home, plaintiff was informed by an employee of defendant that he was required to stay in Tennessee in order to receive treatment and compensation for his injuries.
On 26 November 2003, plaintiff filed a worker's compensation claim with the North Carolina Industrial Commission. Plaintiff's claim was denied for lack of jurisdiction and plaintiff requested a hearing. Deputy Commissioner Adrian A. Phillips heard plaintiff's case and concluded that the Commission had jurisdiction to hear plaintiff's claim. Defendant appealed and the Full Commission concluded on 31 October 2005 that the Commission did not have jurisdiction to hear plaintiff's claim. Plaintiff appeals. Generally, "[t]he standard of review on appeal to this Court from an award by the Commission is whether there is any competent evidence in the record to support the Commission's findings and whether those findings support the Commission's conclusions of law." Oliver v. Lane Co., Inc., 143 N.C. App. 167, 170, 544 S.E.2d 606, 608 (2001). However, when an appellate court reviews findings of jurisdictional fact entered by the Commission, "the reviewing court is required to make its own independent findings of jurisdictional fact from its consideration of all the evidence in the record." Perkins v. Arkansas Trucking Servs., Inc., 351 N.C. 634, 637, 528 S.E.2d 902, 904 (2000) (internal quotations omitted). Under N.C. Gen. Stat. § 97-36, the Commission may have jurisdiction over injuries arising out of accidents that occurred outside of North Carolina if "(i) the contract of employment was made in this State, (ii) the employer's principal place of business is in this State, or (iii) the employee's principal place of employment is within this State." N.C. Gen. Stat. § 97-36 (2005). Although plaintiff assigned error to the Commission's finding that defendant's principal place of business was in Tennessee, plaintiff did not present an argument in support of this contention. Pursuant to N.C. R. App. P. 28(b)(6) we need not address this assignment of error to determine whether the Commission has jurisdiction to hear plaintiff's claim, but we will only consider whether the employment contract was formed in the state of North Carolina or whether North Carolina was plaintiff's principal place of employment.

Contract of Employment
Plaintiff contends that the Commission erred by concluding that his employment contract with defendant was formed in Tennessee rather than in North Carolina. We disagree.
"To determine where a contract for employment was made, the Commission and the courts of this state apply the `last act' test." Murray v. Ahlstrom Indus. Holdings, Inc., 131 N.C. App. 294, 296, 506 S.E.2d 724, 726 (1998). "[F]or a contract to be made in North Carolina, the final act necessary to make it a binding obligation must be done here." Thomas v. Overland Express, Inc., 101 N.C. App. 90, 96, 398 S.E.2d 921, 925 (1990).
Plaintiff argues that the employment contract was formed in North Carolina when plaintiff completed an employment application and mailed it to defendant. Plaintiff relies primarily upon Murray in support of his argument. In Murray, the plaintiff, a North Carolina resident, had been previously employed by the defendant. Murray, 131 N.C. App. at 295, 506 S.E.2d at 725. A few months after the plaintiff completed the initial contract, the defendant contacted the plaintiff via telephone and offered him another position in Mississippi. Id. After negotiations, the defendant's agent told the plaintiff that he was hired, and the plaintiff made arrangements to move to Mississippi. Id. When the plaintiff arrived in Mississippi, he was required to complete administrative paperwork before beginning the job. Id. However, because the plaintiff was a rehire, he did not have to submit to a physical, drug test, or go to the local employment security office. Id. The plaintiff was subsequently injured at work and filed a claim with the North Carolina Industrial Commission. Id. at 295, 506 S.E.2d at 726. In deciding whether the Commission had jurisdiction over plaintiff's worker's compensation claim, this Court concluded the record clearly showed the plaintiff accepted the defendant's offer of employment during the telephone conversation with defendant's agent and the paperwork was merely a "consummation" of the employment agreement and not the "last act" required to make a binding employment contract. Id. at 297, 506 S.E.2d at 726-27.
The case before us is distinguishable from Murray and is more similar to Thomas in which this Court held that the Commission did not have jurisdiction to hear the plaintiff's claim. Thomas, 101 N.C. App. at 98, 398 S.E.2d at 927. In Thomas, the plaintiff responded to an employment ad listed in the local newspaper. Id. at 94, 398 S.E.2d at 924. After receiving an employment application from the plaintiff, the defendant contacted the plaintiff requesting his presence in Indiana and informed him of a flight reservation to Indiana. Id. Upon arrival, the plaintiff was required to complete a physical and a road test. Id. While the plaintiff was still in Indiana, defendant informed the plaintiff that he had been hired as a driver. Id. On the same day, the plaintiff signed employment papers and agreed to become an employee of defendant. Id. This Court held that the "last act"for purposes of conferring jurisdiction occurred in Indiana. Id., 101 N.C. App. at 97, 398 S.E.2d at 926.
In the case before us, plaintiff responded to an employment ad by contacting defendant and requesting an application. After completing the application and mailing it to defendant, plaintiff was told by defendant to travel to Tennessee and was wired a bus ticket. Upon arrival, plaintiff was required to complete additional paperwork as well as pass physical and drug examinations and a three-day orientation. After he completed all of the paperwork and tests necessary for employment, plaintiff accepted the position he was offered as an over-the-road truck driver with defendant. Our review of the record indicates that the "last act" culminating in a binding employment agreement occurred in Tennessee and as a result, the Commission was without jurisdiction to hear plaintiff's claim.

Employee's Principal Place of Business
Plaintiff next argues that his principal place of business was in North Carolina, and as such, the Commission had jurisdiction to hear his claim. Plaintiff relies upon Perkins v. Arkansas Trucking Servs., Inc., 351 N.C. 634, 528 S.E.2d 902 (2000), in which our Supreme Court held that the Commission had jurisdiction to hear the plaintiff's worker's compensation claim because the plaintiff's principal place of business was in North Carolina. Id. at 638, 528 S.E.2d at 904. In Perkins, the plaintiff was a resident of North Carolina who worked as a truck driver for the defendant, an Arkansas corporation. Id. The plaintiff was assigned an are a consisting of twelve to thirteen states. Approximately eighteen to twenty percent of his stops were in North Carolina. Id. Also, the plaintiff's stops were scheduled as close to his residence in North Carolina as possible and scheduled to prevent him from driving with an empty truck. Id. Our Supreme Court, in holding that plaintiff's principal place of employment was North Carolina, noted, "[t]he record reflects, however, that no state, standing alone, had the same degree of significant contacts to plaintiff's employment as North Carolina." Perkins, 351 N.C. at 638, 528 S.E.2d at 904.
Although Perkins is similar to the case before us, we do not find it controlling. We find the more recent case of Davis v. Great Coastal Exp., 169 N.C. App. 607, 610 S.E.2d 276 (2005), review denied by 359 N.C. 630, 616 S.E.2d 231 (2005), more analogous to the case sub judice in which this Court, using the reasoning of the Supreme Court in Perkins, held that the plaintiff's principal place of employment was not North Carolina. In Davis, the plaintiff was employed by a Virginia trucking company. Id. This Court found persuasive the fact that approximately eighteen percent of the plaintiff's stops were made in Virginia whereas only approximately ten percent of his stops were made in North Carolina. We stated:
Unlike Perkins, the evidence in this case does not demonstrate that no other state had the same degree of significant contacts to plaintiff's employment as North Carolina. To the contrary, the evidence in the present case shows that Virginia had more significant contacts to plaintiff's employment than North Carolina.
Id., 169 N.C. App. at 611, 610 S.E.2d at 279 (internal quotations omitted).
In the present case, only four percent of the 41,996 miles driven by plaintiff were driven through North Carolina. More importantly, only approximately eight percent of plaintiff's assignments were completed in North Carolina while plaintiff completed approximately eighteen percent of his assignments in Georgia and approximately fourteen percent of his assignments in California. Further, defendant maintained a terminal in Greensboro, North Carolina, however, plaintiff did not have any contact with the Greensboro terminal. Plaintiff did not receive assignments from the Greensboro terminal but received his assignments from defendant's headquarters in Tennessee via an on board computer in his truck. Plaintiff did not pick up shipments, or drop off shipments at the Greensboro terminal. Further, plaintiff did not receive paychecks at the Greensboro terminal but his paychecks were issued from defendant's headquarters in Tennessee. Also during plaintiff's time off from work, he did not park his truck at the Greensboro terminal. Like Davis, the evidence in this case shows that, standing alone, plaintiff had a more significant degree of contact with a state other than North Carolina during his employment with defendant. See Davis, 169 N.C. App. at 611, 610 S.E.2d 279. Although plaintiff argues that there was no significant contact with Tennessee, defendant's principal place of business, the reasoning of our Supreme Court in Perkins did not consider whether the defendant's principal place of business was also the plaintiff's principal place of employment, but whether there were any other states, standing alone, that had more significant contacts with plaintiff than North Carolina. See Perkins, 351 N.C. at 638, 528 S.E.2d at 904. Therefore, the Commission did not err by concluding it did not have jurisdiction to hear plaintiff's claim for worker's compensation. The Opinion and Award of the Commission is affirmed. Because plaintiff failed to present arguments as to his remaining assignments of error, they are deemed abandoned pursuant to N.C. R. App. P. 28(b)(6) (2005).
Affirmed.
Chief Judge MARTIN and Judge TYSON concur.
Report per Rule 30(e).